There are two questions in this case. The first, whether the wife has a fee, or an estate absolute, with power to alien. The second, whether she has a fee, with an implied condition to alien, or a fee with power to alien but on condition that if she does alien, then she shall alien to one of thechildren, which she pleases. My brothers, who have spoken before me, conceive that she has, by this will, an estate for life, with power to alien the reversion. I cannot see the reason of this conclusion. The will does not imply that she is to have an estate for life, with power to alien the reversion. I cannot see the reason of this conclusion. The will does not imply that she is to have an estate for life, for by the first words, Igive it to her to give and dispose at her pleasure (if she had it not by the subsequent ones) I hold it clear that he has a fee simple. Therefore, I conceive that by this devise the wife has a fee, with power to alienconditionally that she alien to one of the children. In this I agree that she may alien, as my brothers have said, and I concur with them that judgment be entered for the defendant. But I differ from them in respect to the quality of the wife's estate. They hold that it is an estate for life, with power to alien the remainder; and I conceive it to be a fee with acondition, that if she does alien, she shall alien to one of the children which she pleases. It is a common rule that all conveyances, but especially testaments, ought to be construed according to the intention of their makers,ex vi vocabuli. For *Page 659 
a testament is testatio mentis. Plowden, 343, 179. And it is a just observation that all words ending in ment are to be *expounded according to the intention, as parliament, testament, arbitrament, etc.
2. A testament is defined thus: testamentum est voluntatis justasententia. Ergo the intention ought to be observed, otherwise we cannot judge what was his will. Bracton says that a will is donatio ex causamortis, and it is a rule de mortibus nil nisi bonum, and to speak best, the intention ought to be regarded.
3. A will ought to be taken according to the intention, inasmuch as parties, at the time of their death are in trouble. Put thine house inorder, for thou must die, is a good sentence. It instructs men that their actions and will thus made ought to have a favorable construction, being made in haste. And jacentes in extremis ought to be pitied and their actions favored.
4. A will is taken according to the intention, inasmuch as the party isinops consilii. Lawyers are not always at hand, and it is often madewithout advice. Plowd., Scholastica's case. Those reasons show that a will ought to be taken according to the intention of the testator. But this rule admits of the following exceptions:
(1) A will shall not be allowed, or favored, where it is repugnant to itself. 1 Rep., 58.
(2) It shall not be permitted to thwart the rules of the law. Plowd.,Bret's case.
(3) The intention shall be construed by the words of the will and not by anything out of it. 3 Rep., Cheny's case, 68.
Except in these restrictive instances, Judges construe wills favorably. In certain cases a will is good, though a conveyance would be bad. A devisehabend., forever is a good fee. 18 H., 8, 9; 34 H., 6, 7, and ibidem it is said: devise to I. S. and assignatis suis is a fee simple. But it is otherwise in a conveyance. Thus a devise to two and hered., with a clause of warranty to them and their heirs, is a good fee by devise, but not by conveyance. 19 H., 6, 23. If a man devises land to I. S. after the death of his wife, she has an estate for life. 13 H., 7, 1, 29; H., 8. Br. devise, 48; otherwise in a conveyance. Thus, if I. S. has issue a daughter who has issue a son; if one gives lands to I. S. and his heirs male, of his body, it is no entail (to the son, I suppose) for the son ought to derive his estate through a son; it is otherwise in a will. 28 H., 8; Devise, 18; Bro. devise, 32. All those cases prove that Judges have always expounded wills according to the intention of the testator.
The words here are to give and dispose, etc.; the word dispose gives no interest, but only an authority to ordain. 28 H., 8. *Dyer, 26, and one may dispose of that, the right whereof is another's. There are two judgments which prove that one may have the disposal of a thing *Page 660 
wherein he has no property. 4 E., 2; Waste, 11, 17; E., 3, 7. And the same case proves that when one has license to use a thing at his pleasure, still he ought to use it legally and not abuse it. The wife, in this case, has not the fee with a condition to alien, for a condition is compulsive; and here she is not compelled to do any thing, she is not compelled to alien
the land. If she suffers the land to descend to the eldest son, the will is performed. But this estate is a fee, with liberty to alien if she pleases, but with this condition: that if she aliens, she ought to alien to one of the children. With regard to the other doubt that has been started, whether a feoffment made by a feme covert be good, generally an infant and a femecovert cannot make a feoffment — the one is disabled by nature, the other has submitted herself to her husband. 13 H., 7. But in cases likethis, a feme covert can make a feoffment and it shall bind her, her husband, and their heirs.
1. In case of an authority, she may enfeoff her husband. 10 H., 7, 20,by the court.
2. In case of a condition, which is made for the benefit of the wife, it shall bind her. E., 1; Voucher, 289; Cui in vita, 19. It is clear perPerkins title Feoffments. One makes a feoffment to I. S. and a letter of attorney to the wife of I. D. to make livery, it is good. It is said in 18 E., 3, 131, a woman made a feoffment and married, and directed her feoffees, on her deathbed, to make a title to her husband; it is not good, neither in law nor in conscience; and there is an express reason for it. Because a feme covert cannot make a will. 19 H., 6. One devised that his executors should convey his lands by a fine: they have not the land; yet they may convey it by a fine, and the conusee shall be in by the will. A distinction is taken in 9 H., 6, 25; 11 H., 6, 12; 21 H., 4, 24. If I devise lands to my executors to sell, they have both an interest and anauthority to sell. But if I devise that my executors shall sell, etc., they have only an authority; still they may enter and sell, and it will be good to avoid incumbrances, and the heir and vendee shall be in by the will.